```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

CITIMORTGAGE, INC.,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )     No.  4:10CV1784 FRB
                                   )
DRAPER AND KRAMER MORTGAGE         )
CORPORATION, d/b/a 1st Advantage   )
Mortgage, et al.,                  )
                                   )
            Defendants.            )

## MEMORANDUM AND ORDER

Presently pending before the Court is plaintiff's Motion to Strike Affirmative Defenses of Defendant 1st Advantage Mortgage, LLC (filed Feb. 9, 2012/Doc. #59). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff CitiMortgage, Inc. (CMI), brings this breach of contract action alleging that defendants Draper and Kramer Mortgage Corporation (Draper and Kramer) and 1st Advantage Mortgage, LLC (1st Advantage), failed to comply with the terms of Agreements entered into between CMI and defendants, by selling to CMI defective residential mortgage loans and by failing to cure the defects in said loans upon notice thereof. Plaintiff CMI contends that defendants failed to repurchase these defective loans, as provided in the Agreements, resulting in damage to CMI in an amount exceeding $4 million dollars. In its Answer to plaintiff's First Amended Complaint in which 1st Advantage was first named as a

separate defendant, defendant 1st Advantage raised thirty-four affirmative defenses to plaintiff's claims. (Doc. #58.) In the instant motion, plaintiff requests the Court to strike all of 1st Advantage's affirmative defenses.[1] Defendant 1st Advantage has responded to the motion, to which plaintiff has replied.

As an initial matter, the undersigned notes that in its response to plaintiff's motion to strike, defendant 1st Advantage concedes that its "Thirty-Third Affirmative Defense," in which it reserves its right to assert additional defenses, is not such a defense and rather is governed by the Federal Rules of Civil Procedure and the Orders of this Court. As such, to the extent defendant 1st Advantage raises this reservation of right as an "affirmative defense," it will be stricken as such. For the following reasons, however, the motion to strike should be denied in all other respects.

Rule 12(f), Federal Rules of Civil Procedure, permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court enjoys "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." <u>Stanbury Law Firm v. Internal Revenue Serv.</u>, 221 F.3d

---

[1] In its separate Answer and Affirmative Defenses to Amended Complaint (Doc. #46), defendant Draper and Kramer raised affirmative defenses identical to some of those raised by defendant 1st Advantage and challenged by plaintiff here. Notably, plaintiff does not seek to strike Draper and Kramer's affirmative defenses, nor does it otherwise raise a challenge thereto.

1059, 1063 (8th Cir. 2000).  As such, motions to strike are "viewed with disfavor and are infrequently granted."  Id. (internal quotation marks and citations omitted).  See also Southwestern Bell Tel., L.P. v. Missouri Pub. Serv. Comm'n, 461 F. Supp. 2d 1055, 1064 (E.D. Mo. 2006).

> Motions to strike are generally disfavored because they are often interposed to create a delay.  Indeed, motions to strike can be nothing other than distractions.  If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored.  If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record — such as on a motion for summary judgment.

Morgan v. Midwest Neurosurgeons, LLC, No. 1:11-CV-37 (CEJ), 2011 WL 2728334, at **1-2 (E.D. Mo. July 12, 2011) (internal quotation marks and citation omitted).

See also Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977) (reluctant to rule scope of affirmative defense "without the benefit of a full record"); Speraneo v. Zeus Tech., Inc., No. 4:12-CV-578-JAR, 2012 WL 2117872, at *1 (E.D. Mo. June 11, 2012) (quoting Morgan, 2011 WL 2728334, at *2; citing Bank of Beaver City v. Southwest Feeders, L.L.C., No. 4:10CV3209, 2011 WL 4632887 (D. Neb. Oct. 4, 2011)).

When ruling a motion to strike, "the Court must 'view the pleadings in the light most favorable to the pleader.'"  Morgan, LLC, 2011 WL 2728334, at *2 (quoting Cynergy Ergonomics, Inc. v.

Ergonomic Partners, Inc., No. 4:08-CV-243 (JCH), 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008)). An affirmative defense should not be stricken "unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." Id. (internal quotations marks and citations omitted). See also Lunsford, 570 F.2d at 229 (motion to strike a defense will be denied if defense is sufficient as a matter of law or fairly presents a question of law or fact which the court ought to hear). In addition, the party seeking to strike must show that it is prejudiced by the inclusion of the affirmative defense or that the defense's inclusion confuses the issues. Southwestern Bell Tel., 461 F. Supp. 2d at 1064; Morgan, 2011 WL 2728334, at *2. "If there is any doubt whether the matter may raise an issue, the motion [to strike] should be denied." Southwestern Bell Tel., 461 F. Supp. 2d at 1064.

Here, it cannot be said that 1st Advantage's affirmative defenses could not succeed under any circumstances. Indeed, many of plaintiff's challenges to the affirmative defenses would require the Court to engage in a substantive determination of the merits of the issues raised in this litigation, which would be inappropriate on a motion to strike. In addition, plaintiff fails to assert, and thus has failed to show, the affirmative defenses to be so immaterial or so unrelated to plaintiff's claims for relief that

the extreme measure of striking the defenses is warranted. Finally, plaintiff has not alleged, much less established, that it would suffer prejudice by inclusion of the affirmative defenses or that their inclusion would confuse the issues.  On these bases, plaintiff's motion to strike should be denied.

The undersigned notes, however, that in its reply brief (filed Mar. 5, 2012/Doc. #64), plaintiff raises a new argument to support its position that the affirmative defenses put forth by 1st Advantage should be stricken.  Specifically, plaintiff now argues that the heightened pleading requirements as established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and clarified in Ashcroft v. Iqbal, 556 U.S. 662 (2009), apply not only to initial complaints, but also to affirmative defenses raised in response to such complaints.  Plaintiff argues that under this heightened pleading standard, defendant 1st Advantage's affirmative defenses must be stricken in their entirety inasmuch as they fail to adequately plead under Twombly/Iqbal that there is some plausible, factual basis for the assertions rather than simply suggest possibilities that may apply to the case. (Pltf.'s Reply, Doc. #64 at 2-3.)  This argument was not raised in plaintiff's initial motion to strike or in its memorandum in support.

Neither the Eighth Circuit Court of Appeals nor the Supreme Court of the United States has rendered a decision determining whether the reasoning of Twombly/Iqbal applies to

affirmative defenses filed pursuant Rule 8(c), Federal Rules of Civil Procedure. Several lower courts have addressed the question and have reached differing conclusions. Compare, e.g., Amerisure Ins. Co. v. Thomas, No. 4:11CV642 JCH, 2011 WL 3021205 (E.D. Mo. July 21, 2011) (Iqbal and Twombly standards apply to affirmative defenses); Francisco v. Verizon South, Inc., No. 3:09cv737, 2010 WL 2990159, at *7 (E.D. Va. July 29, 2010) (complaints and affirmative defenses subject to same Twombly/Iqbal pleading standards), with Wells Fargo & Co. v. United States, 750 F. Supp. 2d 1049 (D. Minn. 2010) (Iqbal and Twombly do not apply to the pleading of defenses under Fed. R. Civ. P. 8(b) and (c)); Bank of Beaver City v. Southwest Feeders, L.L.C., No. 4:10CV3209, 2011 WL 4632887 (D. Neb. Oct. 4, 2011) (against backdrop of Fed. R. Civ. P. 8 and 12(f), as well as Eighth Circuit's opinions on such rules, determines that heightened pleading standard does not apply to affirmative defenses); Ash Grove Cement Co. v. MMR Constructors, Inc., No. 4:10-CV-04069, 2011 WL 3811445 (W.D. Ark. Aug. 29, 2011) (Twombly/Iqbal analysis inapplicable to affirmative defenses raised under Fed. R. Civ. P. 8(c) and would be unreasonable in practice). Indeed, differing opinions appear to have been rendered by courts sitting within this district alone. Compare Amerisure Ins. Co., No. 4:11CV642 JCH, 2011 WL 3021205 (E.D. Mo. July 21, 2011), with Speraneo, No. 4:12-CV-578-JAR, 2012 WL 2117872, at *1 (E.D. Mo. June 11, 2012) (citing approvingly Bank of Beaver City, No.

4:10CV3209, 2011 WL 4632887 (D. Neb. Oct. 4, 2011)).

Upon consideration of the divergent views on the matter, the undersigned finds the thorough reasoning set out in Wells Fargo, Ash Grove and Bank of Beaver City to be more persuasive and consistent with the intent of all aspects of Rule 8, Federal Rules of Civil Procedure. As such, to the extent plaintiff requests in its reply brief that defendant 1st Advantage's affirmative defenses be stricken for failure to meet the heightened pleading requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the request should be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Strike Affirmative Defenses of Defendant 1st Advantage Mortgage, LLC (Doc. #59) is **GRANTED** to the extent plaintiff seeks to strike defendant 1st Advantage Mortgage, LLC's "Thirty-Third Affirmative Defense." In all other respects, plaintiff's Motion to Strike Affirmative Defenses of Defendant 1st Advantage Mortgage, LLC (Doc. #59), is **DENIED**.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this  _11th_  day of September, 2012.